IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Gail Saylors, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 6:11-1414-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| The Hartford, Avery Dennison ) | |
| Corporation, and The Avery Dennison ) | |
| Long Term Disability Plan, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the Defendants' motion to dismiss Plaintiff's second cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6) and motion to stay the Plaintiff's motion for summary judgment. The Plaintiff alleges claims pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* For the reasons below, the court grants in part the Defendants' motion to dismiss. Further, the court dismisses the Plaintiff's motion for summary judgment without prejudice. In addition, the court denies the Defendants' motion to stay as moot.

**I. FACTUAL BACKGROUND**

The Plaintiff seeks to recover long-term disability ("LTD") benefits under The Avery Dennison Long-Term Disability Plan ("Plan") pursuant to 29 U.S.C. § 1132(a)(1)(B). In addition, in her second cause of action, the Plaintiff alleges that The Hartford ("Hartford") failed to provide certain documents requested by Plaintiff's counsel in violation of 29 U.S.C. § 1132(c) and seeks recovery of statutory penalties based on this failure. The Defendants moved to

1

dismiss the § 1132(c) claim, and the Plaintiff moved for summary judgment on this claim. Subsequently, the Defendants moved to stay any decision on the Plaintiff's motion for summary judgment until their motion to dismiss was decided. The parties have fully briefed the issues and these motions are now ripe for consideration.

## II. DISCUSSION OF THE LAW

### A. Dismissal Standard

When presented with a Rule 12(b)(6) motion to dismiss, the court must restrict its inquiry to the sufficiency of the complaint rather than "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). Under this plausibility standard, the court should "assume th[e] veracity" of well-pled factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

### B. Penalty for Refusal to Provide Documents

Section 1132(c) provides:

> Any administrator (A) who fails to meet the requirements of paragraph (1) or (4) of section 1166 of this title, or section 1021(e)(1) of this title or section 1021(f), or section 1025(a) of this title with respect to a participant or beneficiary, or (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant

> or beneficiary in the amount of up to $100 a day from the date of such failure or refusal . . . .

29 U.S.C. § 1132(c)(1). Section 1024(b)(4) provides that

> [t]he administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan was established or operated.

With respect to its duties under § 1132(c)(1)(B), administrators have a duty "to provide a plan summary and other documents to each participant upon request under sections 1021(a) and 1024(b)(4)." Moran v. Aetna Life Ins. Co., 872 F.2d 296, 298 (9th Cir. 1989).

The Plaintiff alleges that Hartford is an administrator of the Plan and therefore, is liable for any failure to disclose information in violation of § 1132(c)(1). In the complaint, the Plaintiff alleges that Hartford breached § 1132(c) by its failure to provide "a complete copy of the materials used by defendants to evaluate and deny Plaintiff's claim for LTD benefits." (Compl. ¶¶ 15-18, 31-32.) However, only administrators designated by the Plan may be held liable under § 1132(c). See VanderKlok v. Provident Life & Acc. Ins. Co., 956 F.2d 610, 617-18 (6th Cir. 1992).

> [N]ot all entities that provide employee benefits are "administrators" under the statute's definition. ERISA defines a plan "administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated." If there is no person so designated in the plan documents, the plan's sponsor is deemed to be the administrator. When a single employer establishes an ERISA-covered plan, that employer is deemed by law to be the sponsor. Absent a specific declaration in Plan documents that an insurance company is the administrator, this Court cannot infer co-administrator status.
> An entity may "administer" some elements of a covered Plan as a fiduciary without being the plan administrator. ERISA's definition of "fiduciary" covers any entity who "exercises any discretionary authority . . . respecting management of such plan" or "has any discretionary authority or discretionary responsibility in

3

>       the administration of such plan . . . ." [N]ot all fiduciaries are subject to
>       disclosure requirements under § 1132(c); only plan administrators are.

Krauss v. Oxford Health Plans, Inc., 418 F. Supp. 2d 416, 434 (S.D.N.Y. 2005) (internal citations omitted), aff'd, 517 F.3d 614 (2d Cir. 2008); Harless v. Research Inst. of America, 1 F. Supp. 2d 235, 239 (S.D.N.Y. 1998) (dismissing plaintiff's § 1132(c) claim against employer not designated by benefit plan as plan administrator). The Plaintiff has not alleged that Hartford has been designated by the Plan as the plan administrator or that Hartford is the plan sponsor. The Plaintiff alleges that "Hartford is the insurer and claims administrator of the LTD Plan." (Compl. ¶ 6.) Further, the Plan document does not designate Hartford as the plan administrator.[1] Therefore, the Plaintiff's claim against Hartford for violation of § 1132(c)(1) is dismissed.

The Plaintiff's complaint raises a claim that Hartford violated § 1132(c)(1). Although the Plaintiff alleges that the "Defendants failed to provide a complete copy of the materials," there are no factual allegations that the Plaintiff requested information or failed to receive any information from Avery Dennison or the Plan. (Id. ¶¶ 15-18, 31-32.) The complaint states that the Plaintiff requested information from Hartford and that "Hartford did not provide" all of the requested information. (Id. ¶¶ 15-18.) Further, the complaint alleges that "Hartford breached"

---

[1] The Plaintiff attached the Plan document to its motion for summary judgment. However, the court "may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint, so long as the authenticity of these documents is not disputed," without converting the motion into a motion for summary judgment. Witthohn v. Fed. Ins. Co., No. 05-1378, 2006 WL 228621, at *1 (4th Cir. Jan. 31, 2006) (unpublished); CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co., 566 F.3d 150, 154 (4th Cir. 2009) (In considering a motion to dismiss, the court may rely on any document that is "integral to and explicitly relied on in the complaint" without converting the motion to a summary judgment motion, irrespective of whether the document is attached to the complaint, so long as the "plaintiffs do not challenge its authenticity.")

§ 1132(c).  (Id. ¶ 32.)  As such, the Plaintiff has failed to state a claim for violation of § 1132(c)(1) as to the Plan or Avery Dennison.  Ashcroft, 129 S. Ct. at 1949.

In response to the Defendants' motion to dismiss, the Plaintiff filed a motion for summary judgment alleging new factual allegations in support of a § 1132(c)(1) claim against Avery Dennison.  The liberal pleading standard "does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage."  Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp., 455 F. Supp. 2d 399, 436 (D. Md. 2006).  "At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a).  A plaintiff may not amend her complaint through argument in a brief . . . ."  Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004).  Therefore, the court declines to consider the Defendants' additional arguments raised in the motion to dismiss and the Plaintiff's motion for summary judgment.  The appropriate vehicle for the Plaintiff to state a claim for violation of § 1132(c) against Avery Dennison or the Plan is through a motion to amend the complaint.

5

Therefore, it is

**ORDERED** that the Defendants' motion to dismiss, docket number 10, is granted in part and denied in part. It is further

**ORDERED** that the Plaintiff's motion for summary judgment, docket number 17, is dismissed without prejudice. It is further

**ORDERED** that the Defendants' motion to stay, docket number 22, is denied as moot.

**IT IS SO ORDERED.**

                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
August 22, 2011